Larry Welch Director Kansas Bureau of Investigation 1620 Tyler Topeka, Kansas 66612
Dear Director Welch:
You request our opinion regarding the authority of the Kansas bureau of investigation (KBI) to take thumbprints of certain juveniles for purposes of carrying out the agency's statutory duty to establish a deoxyribonucleic acid (DNA) databank pursuant to K.S.A. 1994 Supp. 21-2511(e), as amended by 1995 S.B. 333. Specifically, you inquire whether the fingerprinting of juveniles for such purposes is contrary to K.S.A. 1994 Supp. 38-1611, which sets forth the circumstances under which juveniles may be fingerprinted. Your question concerns juveniles prosecuted as adults as well as those adjudicated under the Kansas juvenile offenders code, K.S.A. 38-1601 et seq.
Originally enacted in 1991, the DNA databank statute requires the KBI to "establish, implement, and maintain a statewide automated personal identification system capable of, but not limited to, classifying, matching and storing analysis of DNA (deoxyribonucleic acid) and other biological molecules." K.S.A. 1994 Supp. 21-2511(e), as amended. The statute provides for the collection of blood and saliva samples from certain persons for submission to the KBI, which is required to analyze the samples and categorize them into genetic marker groupings. See K.S.A. 1994 Supp. 21-2511(a), (d), as amended.
The KBI serves as the central state repository for all genetic marker grouping analysis information obtained pursuant to the statute. K.S.A. 1994 Supp. 21-2511(e), (g), as amended. According to your letter, the KBI also participates in the combined DNA index system (CODIS) operated by the federal bureau of investigation, which permits the KBI to share its DNA databank information with other states. See K.S.A. 1994 Supp. 21-2511(e), as amended by 1995 S.B. 333, § 1. Consequently, identifying information regarding offenders who are required to submit blood and saliva samples is included in both state and federal repositories.
As the statute was originally enacted, the persons required to submit blood and saliva samples for purposes of establishing the databank were limited to those convicted of murder, incest, aggravated incest, abuse of a child, or any of the unlawful sexual acts (or an attempt of any such acts) listed in K.S.A. 21-3501(4). L. 1991, ch. 92, § 1(a). Such persons were required to submit samples subsequent to their sentencing or other disposition. Seeid. § 1(b), (c).
The 1992 legislature amended the statute to include persons adjudicated as juvenile offenders because of the commission of a listed offense. See L. 1992, ch. 143, § 1. For juveniles convicted or adjudicated as juvenile offenders on the basis of such an offense, the court is required to order blood and saliva specimens to be collected within 10 days after sentencing or adjudication. K.S.A. 1994 Supp. 21-2511 (a)(1), (b), as amended. The statute specifically provides that for juvenile offenders placed in the custody of the secretary of social and rehabilitation services, in either a youth residential facility or a state youth center, blood and saliva samples are to be collected immediately upon arrival at the facility. K.S.A. 1994 Supp.21-2511(b)(3). For those confined or otherwise serving a disposition as of July 1, 1992 for an offense committed prior to that date, other means are set forth in the statute for collecting blood and saliva samples prior to final discharge, parole, or release. K.S.A. 1994 Supp. 21-2511(a)(3), (c). In all cases, however, blood and saliva samples are to be collected only after conviction or adjudication of the offender, i.e., at the post-disposition stage.
The statute authorizes the KBI to promulgate rules and regulations regarding procedures for collecting blood and saliva samples as well as other procedures relating to the operation of the act. K.S.A. 1994 Supp. 21-2511(g). The KBI has proposed rules and regulations for the implementation of the statute which, among other things, require the offender from whom blood and saliva samples are taken to provide left and right thumbprints on the DNA sample information sheet used to collect the relevant data. According to the information you submitted with your letter, the KBI considers it essential to verify the identity of offenders, including juveniles, who are required to contribute to the DNA databank, and the thumbprinting procedure is intended to provide a means of doing so.
As you note, K.S.A. 1994 Supp. 38-1611 generally governs the fingerprinting of juveniles, defined by the juvenile offenders code as persons who have reached 10 years of age but who are not yet age 18. K.S.A. 1994 Supp. 38-1602(a). The statute provides in part:
 "(a) Fingerprints . . . shall not be taken of any juvenile who is taken into custody for any purpose except that:
 "(1) Fingerprints . . . of the juvenile may be taken if authorized by a judge of the district court having jurisdiction;
 "(2) a juvenile's fingerprints shall be taken . . . immediately upon taking the juvenile into custody or upon first appearance or in any event before final disposition, before the court for an offense which, if committed by a person 18 or more years of age, would make the person liable to be arrested and prosecuted for the commission of a felony as defined by K.S.A. 21-3105 and amendments thereto or a class A or B misdemeanor; and
 "(3) fingerprints . . . of a juvenile may be taken under K.S.A. 21-2501 and amendments thereto if the juvenile has been:
 "(A) Prosecuted as an adult by reason of subsection (b)(3) of K.S.A. 38-1602 or 38-1636, and amendments thereto; or
 "(B) convicted of aggravated juvenile delinquency as defined by K.S.A. 21-3611 and amendments thereto; or
 "(C) taken into custody for an offense described in subsection (b)(1) or (2) of K.S.A. 38-1602 and amendments thereto [traffic offenses for persons age 14 or over, and offenses defined by chapter 32 regarding wildlife, parks, and recreation for persons age 16 or over].
 "(b) Fingerprints . . . taken under subsection (a)(1) or (2) shall be kept readily distinguishable from those of persons of the age of majority. Fingerprints . . . taken under subsection (a)(3) may be kept in the same manner as those of persons of the age of majority.
 "(c) Fingerprints . . . of a juvenile shall not be sent to a state or federal repository, except that:
 "(1) Fingerprints . . . may be sent to a state or federal repository if authorized by a judge of the district court having jurisdiction;
 "(2) a juvenile's fingerprints shall . . . be sent to a state or federal repository if taken under subsection (a)(2); and
 "(3) fingerprints . . . taken under subsection (a)(3) shall be processed and disseminated in the same manner as those of persons of the age of majority.
. . .
 "(g) The director of the Kansas bureau of investigation shall adopt any rules and regulations necessary to implement, administer C and enforce the provisions of this section, including time limits within which fingerprints shall be sent to a state or federal repository when required by this section." K.S.A. 1994 Supp. 38-1611 (emphasis added).
We note that all but two of the offenses listed in the DNA databank statute, K.S.A. 1994 Supp. 21-2511(a), are either felonies or class A or B misdemeanors. The only exceptions are attempted criminal sodomy as defined by K.S.A. 1994 Supp.21-3505(a)(1) and attempted lewd and lascivious behavior, both class C misdemeanors. See K.S.A. 1994 Supp. 21-3301(f), 21-3505(c), 21-3508(b). Therefore, as a general rule the fingerprints of any juvenile convicted or adjudicated on the basis of one of the listed offenses would have been taken by local law enforcement officers at the time the juvenile was taken into custody as required by K.S.A. 1994 Supp. 38-1611(a)(2), and the prints would have been sent to the KBI central repository as required by K.S.A. 1994 Supp. 38-1611(c)(2) and K.A.R. 10-19-9.See K.S.A. 1994 Supp. 22-4701(a) (defining "central repository"); see also K.S.A. 22-4705(b) (central repository operated by KBI under administration of the director). Therefore, virtually all juveniles who are required to submit blood and saliva specimens to the KBI pursuant to K.S.A. 1994 Supp. 21-2511(a) following disposition should already have been fingerprinted by local law enforcement agencies prior to disposition, and the fingerprints should have been submitted to the KBI central repository.
Your inquiry, however, pertains to the authority of the KBI to obtain the thumbprints of juveniles at the post-disposition stage, when blood and saliva samples are to be secured pursuant to K.S.A. 1994 Supp. 21-2511. The DNA databank statute arguably confers implicit authority, as a general rule, to verify the identity of offenders who are required to submit blood and saliva samples.See K.S.A. 1994 Supp. 21-2511(e), (g), as amended. With regard to juveniles, however, K.S.A. 1994 Supp. 38-1611 explicitly prohibits fingerprinting except under very specific circumstances. We conclude that any implicit authority to verify the identity of offenders who submit blood and saliva samples must yield to the specific provisions of the latter statute with regard to the fingerprinting of juveniles.
The exceptions to the general rule prohibiting the fingerprinting of juveniles taken into custody are set forth in K.S.A. 1994 Supp.38-1611(a)(1) — (3). Subsection (a)(1) provides that a judge of the district court having jurisdiction may authorize the fingerprinting of a juvenile. Thus, at the time the court orders blood and saliva samples to be submitted within 10 days after adjudication or sentencing pursuant to K.S.A. 1994 Supp.21-2511(b), as amended, the judge may authorize the KBI to take the juvenile's thumbprints for verification purposes and send them to the appropriate state repository. See K.S.A. 1994 Supp.38-1611(c)(1). The exception in K.S.A. 1994 Supp. 38-1611(a)(2)requires the fingerprinting of juveniles who are in custody for offenses which would constitute felonies or class A or B misdemeanors if committed by an adult, but only prior to final disposition. Finally, subsection (a)(3) allows the fingerprinting of certain juveniles who have been or will be prosecuted as adults. However, the authority to do so is subject to K.S.A. 1994 Supp. 21-2501, which provides for fingerprinting criminal suspects immediately upon arrest or in any event prior to final disposition. Neither of the latter two exceptions in the juvenile fingerprinting statute allows the KBI to secure the thumbprints of juveniles subsequent to final disposition, when blood and saliva samples are to be submitted for purposes of the DNA databank.
In addition to your general inquiry regarding the fingerprinting of juveniles subsequent to final disposition, you specifically inquire whether it is permissible for the KBI to obtain thumbprints from those juveniles who have been prosecuted as adults. As we have noted, K.S.A. 1994 Supp. 38-1611(a)(3) permits, but does not require, fingerprints to be taken from juveniles who have been or will be prosecuted as adults under the specific circumstances set forth in the statute. However, in every case such fingerprinting is to be conducted pursuant to K.S.A. 1994 Supp. 21-2501, which generally governs the fingerprinting of criminal suspects. Read together, these two statutes simply provide that local law enforcement agencies may take the fingerprints of juveniles who fit within one of the categories set forth in paragraphs (A) through (C) of K.S.A. 1994 Supp. 38-1611(a)(3), immediately upon arrest or in any event prior to final disposition. Hence, we do not believe these statutes permit the KBI to fingerprint juveniles subsequent to disposition, not even those who have been prosecuted as adults.
The legislature has delegated the statutory responsibility of administering the central repository and the DNA databank to the KBI. As an administrative agency, its powers are dependent upon the authorizing statutes, and any exercise of authority must come from the statutes themselves, either expressly or by clear implication. Pork Motel, Corp. v. Kansas Department of Health andEnvironment, 234 Kan. 374, 378 (1983); Woods v. Midwest ConveyorCo., 231 Kan. 763, 770 (1982). Because the legislature has strictly and explicitly limited the circumstances under which fingerprints may be obtained from juveniles, the statutes do not permit the KBI to secure thumbprints from any juvenile subsequent to adjudication or conviction, unless specifically authorized by a judge of the appropriate district court.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:bas